W. JOHN HUDSON, administrator, *vs.* WILLIAM H. MITCHELL & SON COMPANY.

Norfolk.    November 4, 1959. — December 7, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence,* Invited person, Contractor, Manhole, Contributory.

Evidence of the circumstances in which, shortly before the opening of school in a "substantially completed" new school building, the principal of the building, after entering it by a side door and going to her office, was proceeding to leave the building by the main entrance when, upon pushing open the inner doors of the vestibule of the main entrance and taking a few steps, she fell into an open pipe trench hole which was located close to the inner doors and had been uncovered earlier that day by the plumbing subcontractor on the building construction in order to do some work there, warranted findings that the principal was properly at the place of the accident as an invitee of the school authorities and that the subcontractor was negligent toward her in failing to guard or furnish any warning of the open hole, and did not require a ruling that there was contributory negligence on her part.

TORT by Helen L. Hudson.    Writ in the Superior Court dated August 23, 1956.

At the trial before *Nagle,* J., a motion by the defendant for a directed verdict was denied and there was a verdict for the plaintiff.   The plaintiff died after the trial and the administrator of her estate was substituted as plaintiff. The defendant alleged exceptions.

*John W. McIntyre,* for the defendant.

*Jules E. Angoff,* (*Paul J. Sullivan* with him,) for the plaintiff.

CUTTER, J.    The plaintiff is the administrator of the estate of his late wife (the decedent).   She was the principal

of a new school in Cohasset and was injured on September 8, 1955, at some time between 9:30 and 11 A.M. when she fell into an uncovered pipe trench hole, two and one half feet square, in the well lighted vestibule of the main entrance of the school. The building had been "substantially completed" by July 31, 1955. "[Q]uite a few teachers" and other school employees had been in the school during August and September and "they all customarily used the main entrance." School property had been moved into the building ready for the opening of school. The school building committee approved the school as "substantially completed on September 6, 1955," and extended the "penalty clause in the contract . . . to that date." The school opening was to have taken place on September 6, but had been postponed to September 19 because of an epidemic. The decedent was given a key to a side door by the chairman of the school building committee, who was also a member of the school committee, at some time prior to the accident.

The defendant, the plumbing subcontractor on the school construction, was finishing some "extra" work contracted for in late August or early September. The trench cover was removed by one Quinn, an employee of the defendant, at about 8:30 A.M. on the morning of the accident in order to connect some pipes leading to the school's hygiene room, a few rooms from the entrance. The cover was not replaced until after the decedent was injured. There was no chair, barrier, or horse in front of the doors leading to the vestibule and no warning, signs, or signals of any kind were given or placed by Quinn.

Because that morning she had been told by the janitor that the front door was locked, the decedent entered by a side door. She looked into the hygiene room and saw some plumbing work being done there. After arrival at her office, the decedent found it necessary to go to another building. She "walked from her office . . . to the doors of the main entrance . . . approximately ten steps . . . which brought her to the inner doors of the main entrance . . . then pushed on those inner doors which lead into the vestibule

area between the inner and outer doors." She "then took about three steps heading for the . . . outer doors . . . when she fell into the pipe trench opening." The outside door could be opened from the inside even when locked.

In this action of tort to recover for the injuries, a motion for a directed verdict was denied subject to the defendant's exception. There was a verdict for the decedent.

Upon the evidence stated above in its aspect most favorable to the plaintiff, findings were warranted (1) that the building was substantially completed and within the control of either the school committee or the school building committee; (2) that the decedent was properly upon this part of the premises as a school employee and as an invitee of the school building committee or the school committee; and (3) that, in view of substantial prior use of the vestibule by the decedent and other teachers and school employees, the defendant, as an independent contractor, was negligent, even if it caused the front door to be locked, in failing to post warnings or guards to indicate the temporary hazard in the natural path of foot travel. See *McGinley* v. *Edison Elec. Illuminating Co. of Boston,* 248 Mass. 583, 587; *Whalen* v. *Shivek,* 326 Mass. 142, 146–147; *Smith* v. *August A. Busch Co.* 329 Mass. 615, 619–620. The jury were not required to believe testimony that the decedent had been warned by the janitor.

Photographs of the scene were incorporated by reference in the bill of exceptions. They indicate that the temporarily uncovered hole was close to the inner doors of the vestibule. The jury might reasonably find that the hole was not a hazard which would readily be noticed by one approaching the front entrance from the interior of the building, and that to such a person, facing the outside daylight, the opening might be somewhat obscured by the solid base strip of the inner doors. Even if the decedent did not observe the hole or forgot a warning given to her earlier, it cannot be said that, as a matter of law, she is chargeable with contributory negligence in failing to notice this temporary obstruction to a usual path of travel. See *Messina* v. *Richard Baird Co.*

337 Mass. 8, 14; *Boday* v. *Thibault,* 337 Mass. 243, 246. See also *Pope* v. *Willow Garages Inc.* 274 Mass. 440, 444; · *Dickson* v. *Guaranty Bank & Trust Co.,* 339 Mass. 673, 674–675. Cf. *Forgione* v. *Frankini Constr. Co.* 308 Mass. 29, 31, where the early stages of constructing a building were still actively in progress.

*Exceptions overruled.*