The People of the State of Illinois, Defendant in Error,
v. Robert Pronger, Plaintiff in Error.

Gen. No. 49,545.

First District, First Division.

May 4, 1964.

John J. Cogan, Bellows, Bellows and Magidson, all of Chicago, for plaintiff in error.

William G. Clark, Attorney General, of Springfield (Daniel P. Ward, State's Attorney, of Chicago, Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, Elmer C. Kissane and Matthew J. Moran,

Assistant State's Attorneys, of counsel), for defendant in error.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Defendant, Robert Pronger, was found guilty in a nonjury trial of "the crime of concealing stolen property in manner and form as charged in the indictment." He was sentenced to the penitentiary for a term of not less than one year nor more than two years. Defendant prosecutes this writ of error, which was transferred to this court by the Supreme Court.

The determinative question is whether the indictment charged the crime for which defendant was tried and convicted. The indictment, captioned "Indictment for concealing stolen property," charged that defendant "committed the offense of possessing an engine for a motor vehicle with identification of the engine removed, in that he, knowingly had in his possession an engine for a motor vehicle, to wit: an engine for a 1962 Chevrolet automobile, with the identification number of said engine being removed."

The facts, as disclosed by the evidence, show that on May 5, 1962, police officers, with a search warrant, found under a blanket in the yard of defendant's home, a motor vehicle engine which had been taken from a stolen motor vehicle. It was an "original" 409 Chevrolet engine, without an identification number. "Replacement" engines do not have numbers but all "original" engines do. A special agent of the National Automobile Theft Bureau testified that he examined the engine, and "it was quite smooth and shiny. There were some markings indicating that the boss had been ground by one method or another. . . . The milling was ground off by grinding and filing. . . . We were unsuccessful in both attempts to raise numbers."

Defendant, a car racer and mechanic, testified that on May 3, 1962, a two-year acquaintance, named

479

Freddie Hall, brought to him a 409 Chevrolet motor. Hall told him it was a new motor. Defendant looked for and found no serial number on the motor—"there wasn't any number on it." He further testified, "Freddie Hall never told me that was a stolen motor. He told me he wanted me to put clearances in it. . . . The motor was visible from the sidewalk in my back yard. I never had a chance to work on this motor. . . . At the time I examined this motor, I thought it was a motor that was bought from a Chevvy dealer, a replacement motor."

The People contend that the indictment properly charged a crime, and that defendant was proved guilty beyond a reasonable doubt of violating the Illinois Motor Vehicle Act (Ill Rev Stats, c 95½), either section 4–102(h) or 4–102(i), or both. These subsections relate to possessory offenses. Subsection (h) proscribes the possession "of a *motor vehicle,* knowing that an identification number of the motor vehicle or engine has been removed or falsified." Subsection (i) declares that it shall be unlawful for a person to possess *"a motor vehicle or an engine* for a motor vehicle, with knowledge that an identification number of the motor vehicle or engine has been removed or falsified and with intent to conceal or misrepresent the identity of the motor vehicle or engine."

A violation of subsection (h) is declared to be a misdemeanor, punishable by a fine or imprisonment in the county jail for a term not to exceed one year, or both. A violation of subsection (i) is declared to be a felony, punishable by a fine or imprisonment in the penitentiary for a period not to exceed three years, or both, Ch 95½, § 4–106.

Initially, we agree with the People that a caption is not part of an indictment and has no bearing upon the sufficiency of the charge. (People v. Shaw, 300 Ill 451, 452, 133 NE 208 (1921).) It is the

480

body of the indictment, rather than the caption, which must specifically state the essential elements of the crime or crimes with which defendant is charged. (People v. Sellers, 30 Ill2d 221, 223, 196 NE2d 481 (1964).) An indictment need not state specifically the statute violated by the acts alleged to be a crime, and this holds true where there are several statutory provisions under which the charge might fall. (People v. Crosson, 30 Ill App2d 57, 60, 173 NE2d 552 (1961).) Also, an indictment is sufficient if it informs an accused of the charge, enables him to prepare a defense, and protects from further prosecution (People v. Rosenfeld, 25 Ill2d 473, 185 NE2d 236 (1962)), and it is not necessary that an indictment contain all the language of the statute on the subject. People v. Love, 310 Ill 558, 567, 142 NE 204 (1924).

We agree with defendant's contention that the indictment does not charge a crime under either subsection (h) *or* (i). Subsection (h) proscribes the possession of a "motor vehicle," while subsections (f), (g) and (i), all relating to identification number violations, refer specifically to "a motor vehicle or an engine for a motor vehicle." The omission of "or an engine for a motor vehicle" in subsection (h) is significant. Violations of subsection (h), regardless of criminal intent, are limited to *"a motor vehicle,* knowing that an identification number of the motor vehicle or engine has been removed or falsified."

██ ██ We are not persuaded by the People that this is a situation where a court "may supply words inadvertently omitted in a statute to effectuate legislative intent." (Secco v. Chicago Transit Authority, 2 Ill App2d 239, 119 NE2d 471 (1954).) Nor is this a situation where the legislature "palpably omitted" a phrase and where the court may read into a section a "plainly implied" phrase to prevent the legislative purpose from failing in one of its material aspects.

(People v. Anderson, 398 Ill 480, 76 NE2d 773 (1947).) Although a statute must be interpreted according to its object, intent and meaning, and not always according to the letter (People v. McEldowney, 308 Ill 575, 140 NE 12 (1923)), a criminal statute must be strictly construed in favor of the accused. (People v. McGowan, 415 Ill 375, 114 NE2d 407 (1953).) The plain implication is that the legislature intended to omit "or an engine for a motor vehicle" in subsection (h). Therefore, we conclude that subsection (h) applies only to the possession of a *motor vehicle* and not to an "engine," the subject of the instant alleged crime.

As to subsection (i), the indictment does not allege that defendant possessed the engine "with intent to conceal or misrepresent" its identity. We find no merit in the contention of the People that this offense is not a specific intent crime, and that the omitted clause was not essential to the indictment. Nor do we believe that the use of the word "knowingly" in this indictment implies "intent to conceal or misrepresent." "Where the statutory definition of a crime includes the intent with which the act is committed as an element of the offense, the intent must be alleged." (People v. Edge, 406 Ill 490, 493, 94 NE2d 359 (1950).) In the absence of the allegation in the indictment of the phrase "with intent to conceal or misrepresent the identity of the . . . engine," or other appropriate words, the indictment failed to charge defendant with the violation of subsection (i).

██ Finally, we find no merit in the contention of the People that "the defendant waived any right to object to the indictment by a failure to present a motion to quash." (People v. Meaderds, 21 Ill2d 145, 171 NE2d 638 (1961); People v. Barney, 15 Ill2d 503, 507, 155 NE2d 615 (1959).) The cases upon which the People rely hold that it is only the technical objections

to the indictment which cannot be heard for the first time subsequent to the trial. Here, the motion in arrest of judgment preserved for review the question of defects in the indictment and opens up the entire record for examination in this court for any apparent defect, even though there was no motion to quash or such motion was not made in apt time. (People v. Plocar, 411 Ill 141, 146, 103 NE2d 612 (1952); People v. Edge, 406 Ill 490, 494, 94 NE2d 359.) In People v. Fore, 384 Ill 455 (1943), it is said (p 458), 51 NE2d 548:

> "Where an indictment is insufficient, as here, to charge a public offense we must reverse the judgment of conviction notwithstanding the point was not raised in the trial court, as no waiver or consent by the defendant to a criminal prosecution can confer jurisdiction or authorize his conviction in the absence of an accusation charging him with a violation of the criminal law."

We believe this indictment was insufficient to charge a crime, and it could not be helped by a bill of particulars. (People v. Flynn, 375 Ill 366, 371, 31 NE2d 591 (1941).) An accused should know precisely what he is to defend against. (People v. Brown, 336 Ill 257, 262, 168 NE 289 (1929).) If an indictment is insufficient, it is error to overrule a motion in arrest of judgment, and on review the proper order is one of reversal without remanding. (People v. Green, 368 Ill 242, 251, 13 NE2d 278 (1938); People v. Plocar, 411 Ill 141, 146, 103 NE2d 612.) Therefore, the judgment must be and it is hereby reversed, and the plaintiff in error discharged.

Reversed.

BURMAN and KLUCZYNSKI, JJ., concur.