People of the State of Illinois, Plaintiff-Appellant, v. Harold Whittles and Darrell Lucas, Defendants-Appellees.

Gen. No. 66–39.

Third District.

March 27, 1968.

James L. Hafele, of Peoria, for appellant.

George R. Kennedy, State's Attorney, of Peoria, for appellees.

SCHEINEMAN, J.

On January 7, 1966, three police officers in a squad car observed defendants on top of a store building in Peoria. A radio alarm brought two more officers in another car. After advising defendants of their rights, the officers questioned them regarding their presence and conduct.

Whittles volunteered: "I guess this would have been a good night not to have gone up there." Lucas said: "I guess." It is also related that Whittles told officers he and Lucas were going to get some television sets. Lucas just said: "Yes." Another witness said cash was mentioned. Asked how they were going to remove the material: they had not thought of that yet. Asked how they got on top of the building, Whittles demonstrated.

On January 7, 1966, complaint was filed charging defendants with attempted burglary. The magistrate continued the hearing thereon to January 21. The record

does not indicate whether defendants were present in court.

On January 12, 1966, the grand jury returned an indictment against these defendants. They were brought in court, served with copies, counsel was appointed and Whittles was served with a list of witnesses to a purported confession. This indictment was dismissed with leave to reinstate. On February 16, a new indictment was returned charging attempted burglary. Defendants were brought into court and served as before and counsel again appointed.

Thereafter, several motions were filed from time to time by the defense. They were heard by the court and overruled except that a continuance of the trial setting was allowed. Finally, trial commenced May 16, 1966, and resulted in verdicts of guilty. Motions in arrest and for new trial were denied and defendants were sentenced.

There is no substantial dispute as to the foregoing statement of facts, but the defense asserts five reasons for reversal. They are here presented in the order of the argument in appellants' brief.

It is claimed defendants were denied due process of law, in that they were not taken without unnecessary delay before the nearest and most accessible magistrate after the arrest, in violation of section 109–1(a), chapter 38, Illinois Revised Statutes.

 It is argued the effect of this detention without counsel prevented them from locating witnesses who might have provided an alibi defense. Also, that the lack of counsel thus occurred at a most critical stage of the proceedings.

The reference to alibi witnesses is not impressive. Here there were five eyewitnesses to the activities of the defendants as charged, plus their own admissions of an inculpatory content. A persuasive alibi defense could hardly be procured in this situation. Moreover, the in-

ability to locate witnesses is refuted by the defense calling three witnesses who saw the defendants in taverns shortly before their arrest, one of the taverns being next door to the building which defendants climbed.

The purpose of these witnesses was to testify that the defendants were drunk fifteen minutes before their arrest. Whatever effect drunkenness might have, it suffices to say other witnesses testified the defendants were not drunk, and the jury had before them the circumstances that the defendants conversed while they were in the taverns, left under their own power, and climbed to the roof of a store building. The jury had ample reason to disbelieve the claim of drunkenness.

During the six days defendants were in jail without counsel, no attempt was made to obtain any statements from them. The appellants cite People v. Moriarity, 33 Ill2d 399, 211 NE2d 704, in which a defendant had been held in jail 10 days and a confession obtained. The court declared the detention was illegal, and held the confession was not voluntary, therefore not admissible. Since no statements were procured from these defendants, it is our conclusion that no substantial prejudice was caused to them and this point is overruled.

■■ It is contended the indictment should have been quashed for failure to state an offense. The charge was that defendants "pried a hole in the roof of a building with intent to commit the offense of burglary by entering the building with intent to commit a theft therein."

The first part of this charge refers to an attempt to commit a specific offense: burglary. The second part adds facts, which, if they took place, would constitute the offense of burglary. When they were not completed but a formal step was taken for that purpose, the offense is attempted burglary. The indictment is clear and is adequate to inform the defendants of the nature of the

charge against them. People v. Pronger, 48 Ill App2d 477, 199 NE2d 239; People v. Donaldson, 341 Ill 369, 173 NE 357.

■ ■ It is also contended that the trial court erred in refusing to allow Lucas' motion for severance. This is based on the fact that the State's attorney had a purported confession by Whittles which implicated Lucas. The State did not offer to introduce this purported confession into evidence, therefore the basic reason adduced for a severance did not arise. Even where the confession of a codefendant is put in evidence, if all references to the party applying for a severance are eliminated, the severance is not required. People v. Strayhorn, 35 Ill2d 41, 219 NE2d 517. It was not error to deny a severance in this case.

■ The appellants argue that the statements made at the time of their arrest should not have been admitted in evidence, because no proper list of witnesses had been furnished to them as required by section 114–10 of chapter 38, Illinois Revised Statutes. They were furnished with a list, but not all of those on the list were called to testify. This is not a defect, no harm results to a defendant upon failure to call all witnesses who are named. People v. Hulet, 66 Ill App2d 194, 214 NE2d 299.

■ The appellants cite People v. Pelkola, 19 Ill2d 156, 166 NE2d 54, in which a witness was used although his name did not appear on the furnished list. That is quite different from failure to call a named witness, and that case is not applicable to the case at bar. Moreover, these statements made by defendants at the time of the arrest, were not confessions; they were merely admissions of inculpatory facts which might raise an inference that defendants were involved in a criminal venture, but without actually confessing the elements of the crime. These statements are admissible in evidence without the pre-

requisites required for a confession. People v. Kircher, 309 Ill 500, 141 NE 151; People v. Peto, 38 Ill2d 45, 230 NE2d 236 (Sept 1967).

■■ Finally, it is argued that trial counsel was incompetent so that defendants were denied their constitutional rights. This is based partly on the failure of counsel to file a motion to suppress the oral statements. Such a motion would have been useless since, as stated before, the remarks by the defendants were relevant admissions. Another claim of incompetence is based on the delay of several months before the case was brought to trial. It is not uncommon strategy of defense counsel to delay trial as long as possible, in the hope that the key witness for the prosecution will become unavailable, or that cross-examination may show the witnesses' memories are confused and unreliable, thus raising a reasonable doubt of guilt. A reviewing court should not find that this strategy is evidence of incompetence. As for the record in this case, counsel on the appeal might well have observed that he was not confronted at any time with a claim that no objection was made in the trial court and, therefore, the matter is not available on review. Trial counsel either by motion or by timely objections, preserved for review all rights of defendants and no indication of incompetence is apparent.

A motion to dismiss this appeal was taken with the case. Since we have considered and passed on the merits of the case, the motion to dismiss is denied.

Finding no reversible error in this proceeding, the judgments of the trial court are affirmed.

Judgments affirmed.

ALLOY, P. J. and STOUDER, J., concur.