The People of the State of Illinois, Plaintiff-Appellee, v. Clidell Stevenson (Impleaded), Defendant-Appellant.

Gen. No. 68–135.

Second District.

March 27, 1969.

John R. Snively, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney of Winnebago County, of Rockford, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Defendant was found guilty of the offenses of Burglary and Theft after a jury trial, and sentenced to the penitentiary for a term of not less than one year nor more than five years on each of the charges.

Appealing from the judgment, defendant contends: that the indictment is insufficient to confer jurisdiction on the court; that there is a failure of proof of entry of the building with intent to commit a theft or felony; that the corporate existence of the owner of the property in which the alleged offenses occurred was not established; that the proof of the identity of the defendant was insufficient; that the evidence is insufficient to sustain the conviction; that the court erred in the giving of a certain instruction; and that the verdict, signed only by the foreman, was void.

The indictment was in two counts.[1]

Directed to the indictment, defendant's arguments are that the indictment is void because it fails to recite that the grand jury, which returned it, was duly organized at a court then in session, fails to recite that the grand jury was duly chosen, selected and sworn, fails to recite that the grand jury, upon oath, presented the indictment and fails to recite its own commencement for each charge; that it does not set forth the nature and elements of the offense and fails to state the time and place of the offense; and that it does not commence "In the name and by the authority of the People of the State of Illinois," and does not conclude "Against the peace and dignity of the same." All of these contentions have been previously ruled on contrary to defendant's position. Recitation of the organization, selection and swearing of the grand jury is not required. People v. Sellers, 30 Ill2d 221, 223, 196 NE2d 481 (1964); People v. Shockey, 66 Ill App2d 245, 248, 213 NE2d 107 (1966).

---

[1] "The Grand Jury charges: COUNT I. That on the 4th day of November, 1966, in the County of Winnebago and State of Illinois, one CLIDELL STEVENSON and one WILLIAM HOBSON, also known as LEROY BUTLER committed the offense of Burglary, in that they, without authority, knowingly entered into the building of Johnson-Guler Appliance Inc., a corporation, located at 227 7th Street, Rockford, Illinois, with intent to commit therein a theft or felony, in violation of Paragraph 19–1, Chapter 38, Illinois Revised Statutes. COUNT II. That on the 4th day of November, 1966, in the County of Winnebago and State of Illinois, one CLIDELL STEVENSON and one WILLIAM HOBSON, also known as LEROY BUTLER committed the offense of Theft, in that they knowingly obtained unauthorized control over a 19″ General Electric Portable television and two Sony tape recorders, having a value exceeding One Hundred Fifty Dollars ($150.00), the property of Johnson-Guler Appliance Inc., a corporation, CLIDELL STEVENSON and WILLIAM HOBSON, also known as LEROY BUTLER thereby intending to deprive Johnson-Guler Appliance Inc., a corporation, permanently of the use or benefit of said property, in violation of Paragraph 16–1, Chapter 38, Illinois Revised Statutes."

■ ■ The body of the indictment framed in the language of the burglary and theft statutes has been held to properly set forth the nature and elements of the crime charged. People v. Reed, 33 Ill2d 535, 538–9, 213 NE2d 278 (1965) ; the failure to specify the time and place in the indictment does not make the indictment insufficient if the date and county are set forth in the charge. People v. Blanchett, 33 Ill2d 527, 533, 212 NE2d 97 (1965).

■ The commencement and conclusion required under the former constitution no longer applies. People v. Petruso, 35 Ill2d 578, 583, 221 NE2d 276 (1966) ; People v. Marks, 63 Ill App2d 384, 387, 211 NE2d 548 (1965).

■ ■ We find also that the chattels were sufficiently described in the indictment. People v. Graves, 331 Ill 268, 272, 273, 162 NE2d 839 (1928). We find, additionally, that the allegation of value in the indictment is sufficient. People v. Kelly, 66 Ill App2d 204, 210, 214 NE2d 290 (1965).

On a separate trial of this defendant there was the testimony of Donald Smith, a police officer, that at approximately 12:45 a. m. on November 4th, 1966, in response to a call he drove with officer Lindquist to an area on Sixth Street. He observed a 1954 blue Oldsmobile backing out from the alley on the east side of the street with no headlights on. This was approximately a block and a half from the Johnson-Guler Appliance Store on Seventh Street. As the car backed out he noticed that it had two white taillights (also described as absent the red lens), as the car stopped after pulling out of the alley. There was one subject in the front seat and one in the back. The headlights were lighted after turning on Third Avenue. The officers followed the car while it turned on Third Avenue and they pulled it over just west of Fifth Street. Both subjects got out of the car and approached the squad car—defendant from the driver's side, Hobson from the rear. Both officers got out and approached the Oldsmobile and the witness saw a tele-

445

vision set upside down between the front and back seat on the floor. In addition to the portable T.V. set, he found two Sony Tape Recorders and a Saturday Evening Post magazine dated October 8th, 1966, in the car. William Hobson admitted breaking the window and taking the stolen items, but denied that defendant was involved, stating that he stopped the defendant, who was driving down the street, and paid him some money to take him home with the items.

Officer Lindquist testified substantially to the same effect as Officer Smith. In addition, he testified that he recognized the defendant and told him what he was looking for and asked him if he had a television set in his car, and that the defendant said he did not. About that time Officer Smith told him that he had seen the television set in the car. At the station Hobson told the witness that he lived at 319 Wall Street and that he had never seen the defendant before, but later he said he lived at 319 Walnut Street, which is where the defendant lives.

Detective Joe Brown testified that he was sent to investigate the incident in the early morning hours of November 4th and he found three torn pages of a magazine inside the broken window of the appliance store along with a large limestone rock lying on the floor. (Both the magazine and the torn pages went to the jury to compare.)

Andrew Guler, owner of Johnson-Guler Appliance Company, Inc., testified that he was called by the police to come to his store at 227 Seventh Street, Rockford, Illinois, at 1:30 or 2:00 a. m. on November 4th, 1966. He observed that the front window of the store in front of the T.V. section had been broken out, and later identified a 19″ General Electric Portable Television set and two Sony Tape Recorders as being in the store window when he closed that day and missing when he was called by the police.

The defendant testified that about 1:00 a. m. he went to a liquor store across the street from the appliance store and bought a bottle of wine; that after leaving the store he saw a man walking down the street with a T.V. in his hand near Fifth Street. The man waved him down and asked him for a ride to the Dolwin Hotel; that the man got in the front seat and just as they were pulling away the police came. He denied backing out of an alley. He testified that his car had extra large springs so that the rear was high, and that it was not possible to stand at the rear of the car and look at the floor; that there were three lights in operation, two headlights and a right rear taillight which was red, and only the left rear taillight was not in operation. He testified that he did not know the name of the man who flagged him down until after he got out of jail on bond, and that no one lived with him at his address. The defendant denied that the magazine was in his car and testified to a search of his apartment in his absence.

Rose Sartino, a partner in the liquor store, called as a rebuttal witness for the State, testified that on November 3rd, 1966, she worked at the store until closing time and that it closed at 11:00 p. m. every Thursday night. This was not based on any particular recollection of the date, but upon what always happened.

██ Defendant argues that there was no proof of the legal existence of the owner of the property or the building because there was only oral proof of corporate existence over defendant's objection. However, in the absence of evidence to the contrary, as here, the existence of a corporation may be shown by the direct oral testimony of a person with knowledge of that fact. People v. McGuire, 35 Ill2d 219, 232, 220 NE2d 447 (1966).

██ The substantial portion of the remaining contentions of the defendant add up to the argument that he had not been proved guilty beyond a reasonable doubt.

The evidence of the recent possession of the proceeds of a burglary were sufficient in themselves, to sustain the verdict. The jury was not required to believe the defendant's explanation that he had neither exclusive or joint control of the property and that he was merely giving Hobson a ride. People v. Strutynski, 367 Ill 551, 554, 12 NE2d 628 (1938); People v. Woods, 26 Ill2d 557, 562, 188 NE2d 1 (1963). In addition, there was testimony that defendant was seen driving the automobile out of an alley without lights two blocks from the store which had recently been burglarized, together with other circumstances tending to show guilt in the record, which we have previously detailed. While the evidence is conflicting we cannot say that the record does not support the verdict. The conviction may, of course, be sustained upon circumstantial evidence as well as upon direct evidence. People v. Russell, 17 Ill2d 328, 331, 161 NE2d 309 (1959).

The defendant has also claimed that there was no proof of a felonious entry. The evidence of the breaking of the window and the theft from within the close of the premises sufficiently proved the corpus delicti of the offense of burglary. People v. Roldan, 100 Ill App2d 81, 85–86, 241 NE2d 591 (1968).

Under the circumstances it was not error, as claimed by the defendant, to give an instruction relative to recent exclusive unexplained possession of the proceeds of a burglary. Although defendant controverted the factual basis of the instruction, this did not make it improper when given in connection with the State's theory of the case supported by ample testimony. People v. Carvin, 20 Ill2d 32, 34, 35, 169 NE2d 260 (1960).

The final contention of the defendant that the verdict is void since it was signed only by the foreman does not raise a question of reversible error. We have recently so held in Gille v. Winnebago County Housing Authority, a Municipal Corporation, 104 Ill App2d 470, 244

NE2d 636 (1969). The defendant had the right to poll the jury in open court when they returned their verdict, and waived his right by failure to object or to ask that the jury be polled.

■ ■ Defendant was convicted of burglary and theft, both of which arose from the same alleged conduct. The trial court first sentenced defendant without specifying either of the two counts. Later in the same day he recalled the defendant and sentenced him, over his counsel's objection, on each count, the sentences to run concurrently. The original sentence was proper as the verdict of the jury on two counts arising out of the same transaction has the same effect as a general verdict of guilty. However, the concurrent sentences for crimes arising out of the same conduct are improper and the conviction of the lesser crime must be reversed. People v. Schlenger, 13 Ill2d 63, 147 NE2d 316 (1958). Therefore, the conviction of burglary is affirmed and the conviction of theft is reversed.

Affirmed in part; reversed in part.

MORAN, P. J. and ABRAHAMSON, J., concur.