**The People of the State of Illinois, Plaintiff-Appellee,
v. Lawrence D. Barrett, Defendant-Appellant.**

**Gen. No. 68–170.**

Second District.

December 19, 1969.

John R. Snively, of Rockford, for appellant.

Dexter A. Knowlton, State's Attorney, of Freeport, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

An information consisting of two counts was filed against the defendant, Lawrence D. Barrett, on July 30, 1968, in Stephenson County. The first count charged the offense of burglary and the second count charged the offense of attempted burglary. Thereafter, defendant waived prosecution by indictment and entered a plea of guilty to attempted burglary and was sentenced to the Illinois State Penitentiary for a term of not less than

one year nor more than seven years. Leave to appeal within six months was allowed by this court.

Defendant contends that the information does not state an offense; that the waiver of the indictment was void; that the trial court accepted the plea of guilty without explaining the nature of the charge and the consequences thereof, if found guilty; and, that defendant should have been released on probation or the maximum sentence should be reduced as excessive.

As to defendant's contention that the information does not state an offense, Count I of the indictment is as follows:

> ". . . that Lawrence D. Barrett late of said County and State aforesaid, on to-wit: the 16th day of July in the year of our Lord, One Thousand Nine Hundred and 68 at and within the said County of Stephenson in the State of Illinois aforesaid, knowingly committed the offense of burglary in that he knowingly entered a garage building owned by Larry Lestikow and John Trimble, located in Dakota, Illinois with intent to commit therein the offense of theft, in violation of Chapter 38, Illinois Revised Statutes (1967) Section 19–1. . . ."

and Count II states:

> ". . . that Lawrence D. Barrett late of said County and State aforesaid, on to-wit: the 16th day of July in the year of our Lord, One Thousand Nine Hundred and 68 at and within the said County of Stephenson in the State of Illinois aforesaid, knowingly committed the offense of attempt in that he knowingly broke a window from a window of a garage building owned by Larry Lestikow and John Trimble and located in Dakota, Illinois and with the further intent in him to commit the offense of theft therein, in violation of Chapter 38 Illinois Revised Statutes (1967) Section 8–4. . . ."

■ Count I was nolle prossed and defendant pleaded guilty to Count II, the attempt charge. Defendant complains that this information does not charge an intent to commit a specific offense and that the offense of burglary is not mentioned in the second count. Therefore, he maintains that the information is vague, uncertain and void and does not comply with the guarantee that the accused shall have the right to know the nature and cause of the accusation against him so as to enable him to prepare for his defense and to plead the judgment in bar of a subsequent prosecution for the same offense. The attempt charge sufficiently complies with statutory form. Ill Rev Stats 1967, c 38, § 111–3. The charge sets forth the nature of the charge of attempt, to wit: "in that he knowingly broke a window from a window of a garage building . . . with the further intent in him to commit the offense of theft therein." The charge can only relate to the particular garage building and the only crime consisting of entering a building with the intent to commit a theft is burglary.

This information sufficiently apprises the defendant of the charge so that he is able to prepare his defense and is protected from further prosecution for the same offense. Furthermore, when the court asked defendant how he wished to plead, his answer was, "guilty as to attempted burglary, and not to the other charge."

■ Defendant states that the waiver of the indictment is void because he did not understand the nature of the crime with which he was charged and was not informed of the punishment for burglary or attempted burglary before waiving indictment. At the time of the waiver of indictment the defendant had consulted with the Public Defender and was represented by him. From a reading of the record it is clear that the trial court properly advised the defendant of all his rights as required by statute and Supreme Court rule. Ill Rev Stats 1967, c 38, § 111–2 and c 110A, Rule 401. The

admonition of the trial judge was clear and complete. It also appears that the defendant received a copy of the charge and executed in writing a waiver of indictment. The contention of the defendant that he did not understand the nature of the charge is without merit.

██ It is also claimed that defendant, at the time he waived indictment, did not understand the consequences of the charge if found guilty because he was not informed of the possible punishment. This claim also has no merit. In People v. Davis, 103 Ill App2d 239, it was stated at p 241:

> "Since prosecution by information following waiver of indictment does not, as the trial court so stated to defendant, alter or supersede the right to trial by jury, the admonition of the maximum and minimum sentence that could be imposed is not a necessary element of the admonition concerning waiver of indictment. The proceedings at issue were governed under the former Supreme Court Rule 26(3), chapter 110, § 101.26, S-H Ann Stats 1956, (now Supreme Court Rule 401, chapter 110A, § 401, S-H Ann Stats). The language of both the Rule and the 'Practice Notes' of the first cited make clear that the admonition required upon waiver of indictment differs from that required before accepting a plea of guilty. Each admonition serves a different function."

A similar contention of the defendant is that the trial court accepted the plea of guilty without fully explaining to the defendant the nature of the charge against him and the consequences thereof, if found guilty. The record reveals that the trial judge properly advised the defendant of the nature of the charge and the consequences thereof, if found guilty, before he accepted the plea of guilty. Conversely, defendant complains that the admonition was too extensive because defendant was advised

that after a plea of guilty he could make application for probation and have a hearing. It is said that such advice may improperly induce a defendant to plead guilty.

■ The court's explanation of the statutory right to apply for probation and to have a hearing on mitigation is not a necessary element of admonition. The remarks were gratuitous but certainly do not require this court to condemn the practice as inducing a defendant to plead guilty.

■ ■ Finally, defendant contends that he should have been released on probation or, in the alternative, that the sentence should be reduced as excessive. The hearings on probation and aggravation and mitigation were combined and the testimony of Carl Smucker, an Illinois Youth Commission parole agent, revealed that the defendant had committed numerous offenses as a juvenile, had twice been committed to the Youth Commission, and twice returned as a parole violator. At the time of the offense we are now concerned with he was an escapee from the St. Charles facility of the Youth Commission. At the trial defendant agreed with Mr. Smucker's testimony concerning the history of delinquency. He now claims that the court erred in permitting Mr. Smucker's testimony without examining the records of delinquency or having them introduced into evidence. Defendant's attorney had the opportunity to cross-examine Mr. Smucker and did so, but he made no objection to the procedure or the testimony. The defendant also complains that a probation officer's report was inadequate, but this point has not been properly preserved for review. We find no error in the manner in which the hearing was conducted. The trial court did not abuse its discretion in denying probation and in sentencing the defendant. Although the defendant was only 17 years old at the time of sentencing, his record of committing nu-

merous offenses and as a parole violator justified the court in denying probation.

 With regard to the one- to seven-year sentence, the defendant has a right to parole consideration at the expiration of eleven months and there would be sufficient parole supervision, if granted, to assist defendant in his rehabilitation. Under these circumstances, we do not consider the sentence as excessive.

The judgment of the Circuit Court of Stephenson County is affirmed.

Judgment affirmed.

DAVIS and SEIDENFELD, JJ., concur.