**People of the State of Illinois, Plaintiff-Appellee, v. Charles F. Schonert, Defendant-Appellant.**

Gen. No. 69–80.

Fifth District.

May 18, 1970.

Rehearing denied June 25, 1970.

John S. Huber, of Belleville, for appellant.

C. Glennon Rau, State's Attorney, of Waterloo, for appellee.

GOLDENHERSH, J.

In the Circuit Court of Monroe County, defendant, Charles F. Schonert, waived indictment and was charged in a four-count information with the offenses of Battery (c 38, § 12–3, Ill Rev Stats), Criminal Damage to Property (§ 21–1), Burglary (§ 19–1) and Attempt (§ 8–4).

After a jury was selected and sworn, and some evidence taken, defendant interrupted the trial and entered a plea of guilty to all four counts. Defendant made application for probation and an investigation was made

by the probation officer for the Twentieth Judicial Circuit. The court denied probation, heard evidence in aggravation and mitigation and sentenced defendant to the Illinois State Penitentiary for a term of not less than 5 nor more than 15 years on the Burglary Count, and a term of not less than 2 nor more than 5 years on the conviction of Attempt, the sentences to run concurrently. The court assessed fines of $100 and $500, respectively, on the Criminal Damage to Property and Battery counts and stayed both fines.

█ As grounds for reversal defendant contends Count III of the information charging Burglary is fatally defective in that it fails to allege the essential elements of the crime. In this count it is charged that defendant "without authority, knowingly entered the house trailer of William Kaloskey located at 548 South Main Street in the City of Columbia, Monroe County, Illinois, with the intent to commit a felony, in violation of Section 19–1, Chapter 38, Illinois Revised Statutes 1967." The information is framed in the language of the statute and is sufficient to charge the offense. People v. Reed, 33 Ill2d 535, 213 NE2d 278; People v. Stevenson, 107 Ill App2d 441, 246 NE2d 309.

█ Defendant also contends that Count IV of the information charging Attempt is fatally defective in that it fails to charge the essential elements of the crime. In this count it is alleged that defendant "committed the offense of Attempt in that he, with the intent to commit the offense of Robbery struck William Kaloskey and attempted to obtain money from him, in violation of sec 8–4, Chapter 38, Illinois Revised Statutes, 1967." The information is sufficient to charge the offense. People v. Martin, 62 Ill App2d 97, 210 NE2d 587.

█ Defendant next contends he was denied a fair trial in that he was represented by incompetent counsel, who improperly advised him to plead guilty to the charges. The record fails to show incompetency of coun-

sel, People v. Washington, 41 Ill2d 16, 241 NE2d 425, and demonstrates the trial court's careful compliance with Supreme Court Rule 401 prior to accepting defendant's plea.

██ Defendant contends he "was denied his civil rights" in that the court improperly ordered his arrest while on bail, resulting in his being incarcerated for several days. Assuming, arguendo, that defendant's arrest should not have been ordered on the grounds asserted by the State's Attorney for revocation of bail, it does not affect the validity of the judgment entered and will not be further discussed.

Finally, defendant contends the Burglary and Attempt arose out of the same conduct and the court erred in imposing more than one sentence on these counts.

██ In The People v. Johnson, 44 Ill2d 463, 456 NE2d 343, the Supreme Court reviewed a number of cases in which the courts have considered sections 1–7(m), 3–3 and 3–4(b)(1) of the Criminal Code of 1961. In view of its discussion of People v. Ritchie, 66 Ill App2d 302, 213 NE2d 651 and People v. Weaver, 93 Ill App2d 311, 236 NE2d 362, we conclude that the Burglary and Attempt are separate offenses, and the court did not err in imposing concurrent sentence for both offenses.

The court thanks appointed counsel for an excellent brief.

For the reasons set forth herein the judgment of the Circuit Court of Monroe County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.