THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. WILLIAM HUDSON, Defendant-Appellant.

(No. 71-101;

Fifth District—February 1, 1972.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

PER CURIAM:

On a plea of guilty to robbery in the Circuit Court of St. Clair County, William Hudson was sentenced to the penitentiary for not less than 4 years nor more than 10 years. On this appeal he contends that the trial court erred in not granting him probation, or, in the alternative, that the sentence was excessive and should be reduced.

Defendant, a 17 year old high school student, admitted that he and two other boys, pretending to have a gun, threatened another student and took his watch. At his probation hearing it was determined that defendant's mother died when he was 10 years of age, and that he lived with his father and six brothers and sisters. He had an extensive juvenile record for a variety of offenses, but only one conviction and that was for purse snatching. At one time he was committed to the Illinois Department of Corrections, and, in addition, spent some time at the Pere Marquette Work Camp and the St. Charles School for Boys. When he was arrested on the present charge he was on parole from this latter institution. His school attendance record was poor, revealing a number of truancies.

■■ In his argument that the court erred in refusing to grant him probation on a first felony conviction offers a far greater rehabilitation potential than does imprisonment with older, hardened criminals. We are wholly sympathetic with this general argument, and, as stated in *People v. Dowiels* (Agenda 71-6) N.E.2d, which we considered this term, we recognize that incarceration can very well impair rather than enhance the prospect of rehabilitation. But each case must rest upon its own facts. Here defendant argues that all youths from broken families and disadvantaged backgrounds have juvenile records and thereby become automatically disqualified from consideration for probation. We disagree with the premise, for it is an unsupported generalization. Assessing defendant as an individual it readily appears from the probation hearing that his character, propensities and past delinquencies illustrate an unwillingness to conform to the basic rules of society and that something more than probationary supervision is necessary to his rehabilitation. We find in this instance that the trial court was justified in denying probation. *See People v. Barrett*, 118 Ill.App.2d 225; *People v. Smice*, 92 Ill.App.2d 83.

■■ However, in view of defendant's youth and the nature of his offense we consider his sentence of 4 years to 10 years unrealistic and in contravention of the constitutional mandate of Article I, Section II of the Constitution of 1970 which provides that "penalties shall be determined

both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (*People v. Towns*, Ill.App., Agenda 71-129.) We therefore reduce defendant's sentence to a minimum of 1 year and a maximum of 5 years. As so modified the judgment of the Circuit Court of St. Clair County is affirmed.

Judgment of conviction affirmed, sentence modified.