THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY WOODWARD, Defendant-Appellant.

(No. 71-130; ▮▮▮▮▮▮▮▮

Fifth District—September 22, 1972.

Paul Bradley, of Defender Project, of Mt. Vernon, (Robert E. Farrell and Kenneth L. Jones, of counsel,) for appellant.

Roland W. Griffith, Jr., State's Attorney, of Edwardsville, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant entered a plea of guilty to the crime of Attempt Burglary. Probation was denied and defendant was sentenced to one to three years in the penitentiary. The defendant contends that the judgment of conviction is invalid because the indictment failed to charge an offense. The indictment charged that:

> "Mercy Santiago and Larry Woodward on the 30th day of November, 1970 at and in the county of Madison, in the State of Illinois, committed the offense of attempt, in that they knowingly, with the intent to commit the offense of burglary, did use a tire tool in attempting to open the front door of the building of Robert L. Rust, known as Rusty's Service Station and located at 2700 Brown Street, Alton, Illinois, which act constituted a substantial step toward the commission of the offense of burglary."

The crime of Attempt (Ill. Rev. Stat. 1971, ch. 38, sec. 8—4(a),

requires the intent to commit a specific offense and a substantial step in that direction. (*People v. Matthews* (1970), 122 Ill.App.2d 264, 258 N.E.2d 379.) "A person commits burglary where without authority he knowingly enters or without authority remains within a building * * * with intent to commit therein a felony or theft." Ill. Rev. Stat. 1970, ch. 38, sec. 19—1.

██ Defendant contends that since an attempt must be committed with the intent to accomplish some specific offense, it is necessary that the State allege all essential elements of the principal offense, including any specific intent required for that offense, as well as alleging that a substantial step was taken towards the commission of that offense. Since the essence of the crime of burglary is the entry of a building with intent to commit therein a felony or theft (*People v. Stanton* (1959), 16 Ill.2d 459, 158 N.E.2d 47; *People v. Hansen* (1955), 5 Ill.2d 535, 126 N.E.2d 243), the issue is whether this specific intent must be charged in the indictment for attempt burglary.

██ The general rule in Illinois is that all elements essential to the proof of a crime must be alleged in an indictment and that, where the statutory definition of a crime includes the intent with which the act is committed as an element of the offense, the intent must be alleged. *People v. Billingsley* (1966), 67 Ill.App.2d 292, 213 N.E.2d 765; *People v. Smith* (1965), 57 Ill.App.2d 74, 206 N.E.2d 463; *People v. Pronger* (1964), 48 Ill.App.2d 477, 199 N.E.2d 239.

There do not appear to be any cases in Illinois which have dealt with the specific issue raised in this case. However, in *People v. Matthews* (1970), 122 Ill.App.2d 264, 258 N.E.2d 378, defendant appealed his conviction of Attempt Theft, and Possession of Burglary Tools. One of his contentions on appeal was that the count of the indictment charging Attempt Theft was insufficient on the grounds that, while it charged defendant with intending to deprive the owners of the benefit of the property, it failed to allege the intention of depriving the owners permanently. The Appellate Court agreed with defendant by holding, at 382:

> "Ill. Rev. Stat. 1967, Ch. 38 16—1 requires that the particular act and the requisite mental state must coincide to constitute the offense of theft * * *. In each of the described mental states the word *deprive* is qualified with the word *permanently*. 'Permanently deprive' is defined in Chapter 38, *supra*, section 15—3, and clearly cannot be included within the definition of the term '*deprive*'.
>
> An indictment which fails to allege the requisite mental state or to describe acts which indicate such mental state is fatally de-

fective. See People v. Hayn, 116 Ill.App.2d 241, 245, 253 N.E.2d 575 (1969); People v. Slaughter, 67 Ill.App.2d 314, 214 N.E.2d 20 (1966) (Abst.)."

■■ The *Matthews* case is cited with approval in the LaFave and Scott, Handbook on Criminal Law 429 (1972), wherein the authors emphasize: "If the charge is attempt theft and theft is defined as requiring an intent to permanently deprive the owner of his property, then that same intent must be established to prove the attempt". Since burglary requires an intent to commit felony or theft within the building in addition to the intent to break and enter, it would follow from this reasoning, then, that the further intent to commit a felony or theft must be charged in the indictment for attempt burglary since said intent is an essential element of the offense of burglary.

■■ That the intent to commit a felony or theft is an essential element of Attempt Burglary is emphasized in *People v. Ray* (1972), 3 Ill.App.3d 517, 278 N.E.2d 170, a case in which the court held that the evidence was insufficient to sustain a conviction for attempt burglary. In discussing the elements of the offense, the court stated, at 172:

> "[I]t was incumbent upon the prosecution to prove the following elements: (1) that the accused intended to knowingly and without authorization to enter the building; (2) while concurrently intending to commit therein either a felony or a theft; and (3) that a substantial step was taken towards making such an entrance."

Furthermore, in *People v. Whittles* (1968), 93 Ill.App.2d 419, 235 N.E.2d 876, the defendants appealed from convictions of attempt burglary. The indictment charged that defendants "pried a hole in the roof of a building with intent to commit the offense of burglary by entering the building with the intent to commit a theft therein". Upholding the convictions, the court emphasized, at 878:

> "The first part of the charge refers to an attempt to commit a specific offense: Burglary. The second part adds facts, which, if they took place, would constitute the offense of burglary. When they were not completed but a formal step was taken for that purpose, the offense is attempted burglary. The indictment is clear and adequate to inform the defendants of the nature of the charge against them."

Similarly, in *People v. Barrett* (1969), 118 Ill.App.2d 225, 254 N.E.2d 168, the defendant appealed a conviction of attempt burglary. The indictment charged that defendant "knowingly committed the offense of attempt in that he knowingly broke a window from a window of a garage * * * and with the further intent in him to commit the of-

fense of theft therein, in violation of Chapter 38, Illinois Revised Statutes (1967) Section 8—4". The court held the indictment was sufficient to charge an offense, noting, at 169:

> "The charge sets forth the nature of the charge of attempt, to-wit: 'in that he knowingly broke a window from a window of a garage building * * * with the further intent in him to commit the offense of theft therein.' The charge can only relate to the particular garage building and the only crime consisting of entering a building with the intent to commit a theft is burglary."

In an early case, *People v. Jones* (1914), 263 Ill. 564, 105 N.E. 744, our Supreme Court reversed the conviction of a defendant charged with attempt to commit burglary, in violation of Ill. Rev. Stat. 1913, ch. 38, sec. 85. This statute, which dealt only with an attempt to commit burglary, specified the specific intent which was required to be shown for conviction, to-wit: "with intent to commit the crime of murder, rape, robbery, larceny or other felony * * *". The indictment had charged defendant with "an attempt to break and enter the dwelling house of Mrs. Lizzie Brace in the nighttime, with intent then and there to commit a felony in said dwelling house, the exact nature of which is to the grand jury unknown * * *". The Court emphasized, at 745:

> "It is necessary for the People to allege and prove the specific intent with which plaintiff in error attempted to break and enter the house in question. The charge of the intent in this count is entirely too general and indefinite, as it did not in any degree tend to apprise the plaintiff in error of the offense of which he was charged or the case which he would be called upon to meet. * * * Under an indictment for an attempt to commit burglary each count must charge the specific intent with which the attempt was made."

The language of the Court with regard to the degree to which the felonious intent of burglary must be particularized has not been followed in interpreting the present burglary statute. In *People v. Schonert* (1970), 123 Ill.App.2d 392, 259 N.E.2d 359, we held that an information for burglary was sufficient which alleged that defendant "without authority, knowingly entered the house trailer * * * with the intent to commit a felony, in violation of section 19—1, chapter 38, Illinois Revised Statutes 1967", stating at 360: "The information is framed in the language of the statute and is sufficient to charge the offense".

Similarly, in *People v. Stevenson* (1969), 107 Ill.App.2d 441, 246 N.E.2d 309, the court upheld a conviction for burglary which was based on an indictment alleging that defendant entered a building "with in-

tent to commit therein a theft or felony". There are no decisions, however, which discuss the language in *Jones* to the effect that there must be an allegation of the specific intent in order properly to charge attempt burglary.

The specific issue raised in this case has received some attention by courts in other jurisdictions. In *Lumsden v. State* (Me. 1970), 267 A.2d 649, the Supreme Court of Maine upheld an indictment against the defendant's argument that a charge of attempt burglary must describe the intended larceny or felony with that degree of particularity as is necessary in the charging of the specific offense of larceny, including a description of the goods intended to be stolen and of the person whose property they are. In discussing its holding, the Court stated, at 652:

> "The indictment must contain an allegation that the breaking or entering, or the attempt to do so, was accompanied by the necessary specific intent or design which by statute is an essential ingredient of the offense, to-wit, the intent to steal or commit a larceny in the building. When a specific intent is a part of the definition of an offense, that specific intent must be alleged and proved or confessed, to warrant conviction and sentence for that offense."

The State has cited several cases to support its contentions that no such double allegation of intent is at all necessary to sustain an indictment charging defendant with attempt burglary and that the generalized intent of the offense is sufficient to enable the defendant to meet the charge and prepare his defense. However, no decision cited by the State deals directly with the former contention. Rather, they present very strong support for the proposition that intent to commit a specific offense may be proved by circumstantial evidence. No such question is raised by the instant case.

In those cases relied upon by the State wherein an indictment was attacked, the contention was invariably that the indictment lacked sufficient particularization of the essential elements to properly charge an offense. Moreover, those indictments attacked as insufficient always charged the specific intent to commit a theft therein. For example, *People v. Peck* (1963), 29 Ill.2d 480, 194 N.E.2d 245, was a case cited by the State to illustrate that the intent required in a burglary prosecution need not be described with the same degree of specificity that might be required in an indictment for larceny. While this may very well be true, the State omitted to mention that the indictment was not being challenged because it did not charge defendant with the intent to commit therein a theft, which it did, but because it did not name the person whose prop-

erty defendant intended to steal. Moreover, the State failed to emphasize that the Supreme Court of Illinois upheld the indictment as adequately meeting those requirements proscribed by the burglary article of the Criminal Code of 1961, holding at 247:

> "The conduct primarily proscribed by the burglary article of the Criminal Code of 1961 is the unlawful entry of the building of another 'with intent therein to commit a felony or theft'. * * * The indictment in this case charges the offense in the language of the statute, and the statute defines the offense with sufficient clarity."

Thus, while this case may stand for the proposition that a general allegation in the indictment of intent to commit a theft or felony is sufficient, it nevertheless is inapplicable in the instant case because the indictment was not being attacked for failure to allege the further specific intent of the particular offense charged. The other cases cited by the State deal with inchoate and/or principal offenses not now in issue.

■■ Since we find that the indictment in this case was fatally defective in not alleging the specific "intent to commit therein a felony or theft", it will be unnecessary to consider defendant's contention that he was improperly denied probation.

Accordingly, the judgment of the trial court is reversed.

Judgment reversed.

G. MORAN, P. J., and CREBS, J., concur.