THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. CLARENCE HUCKABA, Defendant-Appellant.

(No. 12633; 

Fourth District—November 6, 1974.

John F. McNichols and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, and Marc Towler, Senior Law Student, for appellant.

Bobby F. Sanders, State's Attorney, of Charleston (Kestutis P. Kemezys, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals the conviction entered upon his plea of guilty to an information charging burglary. (Ill. Rev. Stat. 1973, ch. 38, par. 19—1(a).) Sentence of 2 to 6 years was imposed.

On appeal defendant urges that the information upon which the plea was entered failed to charge the offense of burglary,[1] and was void for such reason.

The information alleged that defendants:

> "Committed the offense of burglary, in that they did without authority knowingly enter Warehouse Sales, Inc., 317 North 17th Street, Mattoon, Coles County, Illinois, with the intent to commit therein a theft. * * *"

Defendant asserts that the information fails to allege that defendant entered a "building" or other structure as provided in the statute. Examination of many cases from this State, fails to disclose any instance in which there was a failure to allege that there was entry of a "building" accompanied by the statutory state of mind.

In *People v. Peck*, 29 Ill.2d 480, 194 N.E.2d 245, it was stated that the burglary statute primarily proscribed unlawful entry of the building of another. In *People v. Powell*, 9 Ill.App.3d 54, 55-56, 291 N.E.2d 669, it was stated:

> "Burglary was originally a crime against habitation, but it has been broadened, as in our statute, to include the unlawful entering of any building."

The Comments of the Committee drafting the Criminal Code of 1961, includes the statement:

> "Therefore, section 19—1 is merely a codification of the existing law in Illinois, combining the unlawful entry of various types of spaces * * *." (S.H.A., ch. 38, § 19—1, Committee Comments (1970).)

The result of such codification makes the entry of a building or other structure identified in the statute an element of the offense.

---

[1] (a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code, * * * with intent to commit therein a felony * * *.

■■ The gist of burglary is the entering of a building with a statutory intent. (*People v. Woodward*, 7 Ill.App.3d 607, 288 N.E.2d 72.) In *People v. Blair*, 1 Ill.App.3d 6, 272 N.E.2d 404, a building is defined as a permanent structure for the shelter and protection of property. A building has been defined as any stationary structure affixed to land. *Sanchez v. People* (1960), 142 Colo. 58, 349 P.2d 561, 78 A.L.R.2d 775.

The authorities cited by respective counsel have been concerned with the sufficiency of the allegation of ownership or possession of the building rather than to the necessity of alleging entry of a building.

■■ The identification of "Warehouse Sales, Inc.", alleges a business entity showing ownership or possession, but fails to provide statutory allegation that there was an entry of a building within the context of the statute.

■■ An indictment which fails to allege an essential element of the offense is void. Jurisdictional defects are not waived by a plea of guilty. *People v. Wolf*, 7 Ill.App.3d 739, 288 N.E.2d 688, and *People v. Witcher*, 121 Ill.App.2d 57, 257 N.E.2d 149.

The judgment is reversed.

Reversed.

SMITH, P. J., and CRAVEN, J., concur.