THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUDOLPH LOUIS KESSLER, Defendant-Appellant.

(No. 72-39; )

Second District—April 3, 1975.

Paul Bradley, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz, of Illinois State's Attorneys Association, of counsel,) for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

## OPINION ON PARTIAL REMAND

In *People v. Kessler* (1973), 11 Ill.App.3d 321, this court reversed defendant's conviction for the offense of attempted murder. The Illinois Supreme Court allowed the People's petition for leave to appeal and thereafter reinstated the judgment of conviction. (*People v. Kessler* (1974), 57 Ill.2d 493.) Subsequently, the supreme court on defendant's motion issued its mandate, remanding the cause to this court "for the sole purpose of considering certain points raised by the defendant in the Appellate Court with respect to the attempt murder conviction which have not been considered by the Appellate Court."

In response to the mandate we consider the issues (1) whether Count II and Count III of the information alleging attempt murder were sufficient to charge the offense; and (2) whether the trial court committed prejudicial error when it instructed the jury, over defendant's objections, that it could find the defendant guilty of attempt murder absent a finding of specific intent to kill.

Counts II and III of the information are identical except that the name of the alleged victim in Count II is stated as Louis Cotti and in Count III as Max Clevenger. As material here, the information alleges, that Rodney Glen Abney, Ronald Richard Mass and Rudolph Louis Kessler,

> "Committed the offense of Attempt, in that they, with intent to commit the offense of Murder, attempted to kill and murder [victim]."

■■ Defendant urges that the information is void because it does not describe the acts which comprise a "substantial step toward the commission" of the offense intended, within the meaning of the attempt statute (Ill. Rev. Stat. 1971, ch. 38, par. 8—4(a)). He reasons that alleging an "attempt" to kill does not describe the act since the attempt is the offense itself. The State refers to a more common meaning of "attempt" as synonymous with "tried", or "made an effort" to kill, and argues that it is not a mere repetition of the offense charged. (Webster's Seventh New Collegiate Dictionary.) Thus, that the allegations of the attempt to kill with the specific intent to commit murder state the elements of the offense of attempt sufficiently to fairly apprise the defendant of the crime charged and to protect him from subsequent prosecution for the same offense. We agree. In an indictment for attempt, the crime intended need not be set out as fully as would be required for a statement of the actual commission of the offense. (*People v. Williams* (1972), 52 Ill.2d 455, 461.) The allegation that defendant, with the requisite intent, "attempted to kill and murder" a named victim, was

sufficient to describe an act which constituted a substantial step toward the commission of murder. *People v. Drink* (1967), 85 Ill.App.2d 202, 204, 208; *People v. Schonert* (1970), 123 Ill.App.2d 392, 394; *People v. Fowler* (1972), 8 Ill.App.3d 927. See also *People v. Jones* (1973), 53 Ill.2d 460.

We next consider defendant's contention that the instructions given to the jury contained prejudicial error because they permitted the jury to find the defendant guilty of attempt murder absent a finding of specific intent to kill. Defendant refers to the following People's Instructions:

No. 8. "A person is responsible for the conduct of another person when, either before or during the commission of a crime, and with the intent to promote or facilitate the commission of a crime, he knowingly solicits, aids, abets, agrees or attempts to aid the other person in the planning or commission of the crime."

No. 9. "A person commits the crime of attempt who, with intent to commit the crime of murder, does any act which constitutes a substantial step toward the commission of the crime of murder. The crime attempted need not have been committed."

No. 11. "A person commits the crime of murder who without lawful justification kills an individual if, in performing the acts which cause the death, he is attempting to commit or is committing the crime of burglary."

Defendant argues that by these instructions the jury was erroneously told that one commits murder if, in performing the acts which cause the death, he is committing a burglary. He claims that the instructions were especially prejudicial because the active participants took no weapon with them when they broke into the closed bar.

A substantial part of defendant's argument has been undercut by the ruling of the supreme court which held that defendant was legally accountable for the conduct of the person he aided in the burglary in furtherance of a common design and that he was therefor accountable for any criminal act done in furtherance of the planned and intended act. (57 Ill.2d 493, 497.)

In addition, it should be noted that no objection was made to Instruction No. 8. The objection to No. 9 was merely that there was no "* * * attempted-murder case here." Defendant's counsel stated that Instruction 11 which defined murder in "felony murder" terms was "inconsistent." (Counsel stating, "The other defendants plead guilty to attempted murder.")

Defendant has failed to meet his burden to show substantial prejudice to avoid a waiver of defects not objected to at trial under the plainerror rule (Ill. Rev. Stat. 1971, ch. 110A, par. 615(a)). As the case was

presented to the jury the basic issue was whether or not defendant was accountable for the acts of Mass and Abney. There was no question from the circumstances that Mass and Abney possessed the necessary intent to kill, and the jury could not reasonably have concluded otherwise. Defendant's counsel in closing argument even stated to the jury that he agreed that Mass and Abney had committed burglary and attempt murder, and he informed the jury that Mass and Abney had already pleaded guilty.

The jury was properly instructed that one is responsible for the conduct of another when, "with the intent to promote or facilitate the commission of a crime," he knowingly aids in the planning or commission of the crime (People's Instruction No. 8). This related to the basic issue of the defense. The jury was also properly instructed that the crime of *attempt*, included "intent to commit the crime of murder" (People's Instruction No. 9).

The giving of People's Instruction No. 11 did not constitute reversible error even though it was objected to. It was undisputed that Mass and Abney had the specific intention to take life. This is the circumstance which distinguishes *People v. Davis* (1972), 6 Ill.App.3d 622, on which defendant relies. In *Davis*, it became necessary for the jury to decide whether the defendant himself, who in the course of a robbery shot the victim, had the specific intention to kill. Here defendant has been charged with accountability for the conduct of his companions engaged in the common design. It should be further noted that in *Davis* the court ruled on a series of instructions similar to those before us and held that, although "it would have been preferable to omit the felony murder language from the instruction defining murder, we find no reversible error in the inclusion." 6 Ill.App.3d 622, 628.

The giving of an instruction which might properly have detailed the specific elements of the offense of murder could not have substantially affected the result here. We therefore do not find plain error which could require reversal. *People v. Gersbacher* (1970), 44 Ill.2d 321, 325-326.

■■ For the reasons stated the conviction of attempt murder, considered in the light of the supreme court opinion and its additional mandate, is affirmed.

Affirmed.

T. MORAN and GUILD, JJ., concur.