THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT MARTIN, Defendant-Appellant.

(Nos. 12049, 12166 cons.;

Fourth District—December 13, 1973.

John F. McNichols, Deputy Defender, of Springfield (J. Daniel Stewart, Assistant Appellate Defender, of counsel), for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (James W. Jerz and Martin Moltz, both of Model District State's Attorneys Office, of Elgin, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

■■ On July 14, 1972, defendant-appellant Albert Martin entered a plea of guilty to the charge of attempt murder. He was sentenced to an inde-

terminate term of 10 to 20 years; the sentence to run concurrently with a sentence previously imposed and from which he had been paroled at the time of the commission of the offense of attempt murder. Three issues are presented by this appeal which bears our general number 12049. Defendant first urges that the indictment is invalid "for failing to allege one of the forms of specific intent required for the offense of murder." The indictment charged that:

> "Albert Martin committed the offense of Attempted Murder when, with intent to commit the crime of murder, he performed an act which constituted a substantial step towards the commission of that offense, namely, shot John 'Johnny' Owens with a gun."

Ill. Rev. Stat. 1971, ch. 38, par. 8—4(a) provides that "a person commits an attempt when, *with intent to commit a specific offense*, he does any act which constitutes a substantial step toward the commission of that offense." (Emphasis added.) Defendant concedes that attempt indictments need not allege all of the elements of the "specific offense" but argues that where specific intent is an element of the offense attempted that intent must be alleged in the indictment. Defendant relies on *People v. Woodward*, 7 Ill.App.3d 607, 288 N.E.2d 72 as authority for this proposition. In *Woodward*, the defendant was charged with attempt burglary in an indictment which alleged that he committed the offense of attempt "in that [he] knowingly, with the intent to commit the offense of burglary   *   *   *" performed certain acts which constituted a substantial step toward the commission of the offense of burglary. On appeal defendant urged that the indictment was deficient in that it failed to incorporate the specific intent element "*   *   * with intent to commit therein a felony or theft" which specific intent is an essential element of the offense of burglary. (Ill. Rev. Stat. 1971, ch. 38, par. 19—1(a).) The court held the indictment to be fatally defective "*   *   * in not alleging the specific 'intent to commit therein a felony or theft' ". The State responds to this argument by citing *People v. Richardson*, 32 Ill.2d 497, 207 N.E.2d 453 for the proposition that "all the elements of the specific offense intended to be committed need not be alleged in charging the inchoate offense," and also cites *People v. Watson*, 36 Ill.2d 228, 221 N.E.2d 645 for the same proposition. Neither case is in point. In *Richardson*, the sufficiency of the indictment was not an issue before the court, nor was it ruled upon. In *Watson*, the defendant urged that the attempt indictment was insufficient in that it did not allege that the attempt failed. Neither *Richardson* nor *Watson* deal with the point in question here. We agree with the holding in *Woodward* that where the "specific offense" attempted contains specific intent as an

essential element the indictment must include that element in its designation of the specific offense. The question, then, is whether or not the indictment here charges that the defendant committed the shooting while in a state of mind described as an element of the offense in par. 9—1(a)(1). In *People v. Payton*, 2 Ill.App.3d 693, 276 N.E.2d 775, the defendant was indicted for the crime of attempt murder, the charge reading as follows: " '* * * on the 12th day of November, 1968, * * *, Kelly Payton, committed the offense of attempt in that he, with intent to commit the offense of Murder fired a gun at the person of James H. Martin, in violation of Ill. Rev. Stat., ch. 38, par. 8—4.' " On appeal the defendant argued that the indictment was defective in that it failed to allege that the shooting was knowingly committed with intent to cause death or great bodily harm. The indictment was held to be sufficient since "* * * it plainly alleges that the defendant, using a gun, attempted the murder of a specified person on a specific date * * *."

We note that the indictment in *Payton* contained the language "* * * with intent to commit the offense of murder" and that the court obviously equated that language with the words "He * * * intends to kill * * *", and to this extent we agree with the holding in *Payton* but only insofar as it applies to the specific indictment there in question which alleged specific intent to kill. The thrust of defendant's argument is that the indictment here fails to allege that defendant intended to kill the victim and that the intent alleged is only that required by par. 8—4(a).

■■ Ill. Rev. Stat. 1971, ch. 38, par. 111—3(a)(1), (3), provides that the charge shall set forth the nature and elements of the offense. The indictment must contain detail sufficient to enable the defendant to prepare his defense and to prevent surprise at trial and to establish a record which precludes a subsequent prosecution for the same offense. (*People v. Nelson*, 17 Ill.2d 509, 162 N.E.2d 390; *People v. Jones*, 53 Ill.2d 460, 292 N.E.2d 361.) These standards are met by the indictment here. It plainly told the defendant that he was charged with attempting to kill Owens by shooting him "with intent to commit the crime of murder". This sufficiently apprised the defendant of the nature and elements of the crime of attempt and adequately alleged specific intent to kill Owens.

■■ Defendant's second assignment of error relates to the admonishment as to the nature of the charge. He maintains that the trial judge "* * * failed to explain the acts and intent required for the offense of murder." The essence of this argument is that the judge failed to adequately explain the "particular acts together with the specific intent re-

quired for an attempted murder". The plea in question was a negotiated plea. In exchange for the plea the People agreed to dismiss other pending charges, and to recommend a sentence of 10 to 20 years; the sentence to run concurrently with one which the defendant was then serving for the crime of burglary. The defendant was at all times represented by counsel. The People made the agreed recommendation, and the trial judge followed the recommendation to the letter. The factual basis for the plea established that defendant had, on the date in question, made threats against the victim, that he fired the pistol and told Owens to leave the residence of one Mae Douglas Stewart over whom the dispute arose. When Owens failed to leave, defendant came within six inches to a foot from Owens, held the pistol to Owens' chest and fired the shot which wounded Owens. "The bullet entered about an inch and a half or two inches to the left of the left nipple across, in the midline of the chest * * *." The trial judge stated to defendant, "All right Mr. Martin * * * the Sangamon County Grand Jury has returned an indictment which charges * * * you committed the offense of attempted murder when, with intent to commit the offense of murder you performed an act which constituted a substantial step towards the commission of that offense, namely, shot John "Johnny" Owens with a gun, * * * Now, do you understand, first of all, the charge?" To which defendant responded "Yes, sir." Subsequently, in full and detailed compliance with the Rule, the trial judge completed the required admonishment. He then asked the defendant the following questions and received the following responses:

"The Court: And now, do you understand all the things I have told you about?

Defendant Martin: Yes, sir. I think so.

The Court: Do you have any questions?

Defendant Martin: No, sir."

Subsequently the trial judge asked defendant in the light of all that had been stated to him, if he was still asking the court to accept his plea, to which the defendant responded affirmatively. In our view the record clearly, and affirmatively, demonstrates that the defendant was informed of the acts which he was alleged to have committed, and also that in performing those acts he intended to kill Owens. We find no error in the taking of the plea.

■■ Defendant also urges that the sentence should be vacated and the case remanded for resentencing because there was an inadequate informational basis for the plea. The factual basis for the plea was stated in great detail. It established a calculated, deliberate attempt, on the

part of defendant, to take the life of another. Defendant's prior criminal record was before the court. The sentence imposed was precisely that for which defendant had intelligently bargained, and the trial judge did not impose the sentence in an evidentiary vacuum. *People v. Bradford*, 1 Ill.App.3d 38, 272 N.E.2d 259 is therefore not in point.

Following the filing of this appeal defendant filed, in this Court, a pro se motion to dismiss this appeal and his pending post-conviction appeal, and prayed that his case be remanded for new trial on the merits. We took the motion with the case, and now deny the motion.

While the direct appeal of defendant's conviction was pending, defendant filed, pro se, a petition for post-conviction relief. Counsel was appointed, an amended petition was filed, and an evidentiary hearing was held. The trial court then denied the relief sought, and that judgment was appealed to this Court in cause bearing our general number 12266 and the case was consolidated, in this Court, with cause 12049, for opinion.

In the post-conviction appeal only one issue is presented for review. "Is the defendant's guilty plea invalid because he was not properly informed of, and did not understand, the nature of the charge?" This issue is identical to one of the issues disposed of in the direct appeal and our holding there is dispositive of the issue.

Accordingly the judgments of the trial court are affirmed.

Judgments affirmed.

SMITH, P. J., and TRAPP, J., concur.