THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAMMIE WHITE, Defendant-Appellant.

(No. 12627;

Fourth District—October 24, 1974.

John F. McNichols and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (Walter F. Farrand, Assistant State's Attorney, of counsel, assisted by Terry Lee Fields, Senior Law Student), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

This appeal raises, as its single issue, the contention that the maximum in a sentence of 1 to 20 years is excessive.

Defendant was charged with the offense of escape, a Class 2 felony. (Ill. Rev. Stat. 1973, ch. 38, par. 31—6(a).) For such offense the statute provides a minimum of 1 year and a maximum not to exceed 20 years. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(3).

Defendant's plea followed negotiations between counsel. In open court defendant agreed that the sentence imposed was that which had been negotiated. He waived presentence investigation, presentence report and sentence hearing.

In argument defendant agrees that the minimum sentence determines parole eligibility, but urges:

> "[I]t is not unlikely that one of the factors considered by corrections authorities in determining the rehabilitation potential of the defendant is the grievousness of the offense, as measured by the court's determination of the maximum period of incarceration warranted."

No authority, other data or experience supports such tentative and speculative conclusions.

■■ It is further urged that such maximum sentence is so excessive that it may inhibit the defendant's rehabilitation potential. Since his parole eligibility is determined by the maximum sentence, we reach the contrary conclusion that the sentence imposed provides the greatest possible spectrum for the determination of the rehabilitation of the defendant.

■■ The burden is on defendant to make a substantial showing which justifies reduction of sentence. (*People v. Nelson*, 41 Ill.2d 364, 243 N.E. 2d 225; *People v. Fuca*, 43 Ill.2d 182, 251 N.E.2d 239.) Defendant's waiver of pre-sentence report and sentence hearing provides no basis but argument for determining that the maximum is harsh. There is no challenge to the fact that the plea was freely negotiated and was voluntarily and intelligently entered.

The judgment is affirmed.

Affirmed.

SMITH, P. J., and CRAVEN, J., concur.