The People of the State of Illinois, Plaintiff-Appellee, *v.* Leonard J. Mack, Defendant-Appellant.

(No. 55966;

First District (2nd Division)—November 26, 1974.

James J. Doherty, Public Defender, of Chicago (Ronald P. Alwin and Robert Thompson, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Michael J. Polelle, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Leonard J. Mack (hereinafter defendant), after a jury trial in the court below, was found guilty of the offense of attempted rape. In addition, defendant was found not guilty of the charge of burglary. The defendant presented no evidence in the trial court. He was sentenced to a term of 5 to 10 years.

The issues presented for review in defendant's initial brief are:

(1) whether the court below erred in admitting into evidence certain statements made by defendant to the complaining witness;

(2) whether the procedure used by the prosecutor to corroborate the complaining witness's testimony led to the admission of prejudicial evidence;

(3) whether certain testimony relating to the details of the attempted rape was outside the scope of the exception to the hearsay rule in rape cases;

(4) whether the trial court's refusal to instruct the jury on the issue of force constituted prejudicial error; and

(5) whether the evidence presented below showed that defendant took a substantial step toward the commission of the offense of rape.

In addition to the issues just recounted, this court, in reviewing the record presented on appeal in its entirety, after oral argument, raised the question of the legal sufficiency of the information filed by the State against the defendant in the court below, as well as the effect of defendant's waiver of indictment; those questions were nowhere raised by either the defendant or the State in the trial court, in the briefs filed by the respective parties, or upon oral argument of the cause before this court.

■■ However, notwithstanding, the question whether the charge in a criminal case is legally sufficient is one which brings into scrutiny the jurisdiction of this court to entertain an appeal (*People v. Edge* (1950), 406 Ill. 490, 494, 94 N.E.2d 359). Moreover, the question will be noticed although it has not been raised by the parties (*People v. Nickols* (1945), 391 Ill. 565, 570-571, 63 N.E.2d 759). Consequently, subject to the order of this court, the parties to this appeal briefed and argued the legal sufficiency of the information filed by the State and defendant's waiver of indictment, and, in this opinion, we will consider those questions.

In brief, the pertinent facts can be summarized as follows. On September 22, 1968, the complaining witness resided in an apartment in Chicago. She testified that, on the day in question, she retired to bed, without clothing, at approximately 1 A.M. and that, at approximately 6 A.M., she was awakened by a man, later identified as the defendant, who was bending over her, holding a knife at her neck and fondling her breasts; that she asked defendant what he wanted and that defendant responded that he wanted to suck her "titties"; that she told him to get rid of the knife and they would talk about it; that defendant eventually got rid of the knife and that she let him do what he had asked, as he laid down beside her in the bed; that after about five minutes, she asked defendant if she could get out of the bed to make some coffee, which she was permitted to do; that she returned and defendant asked her to lie down in the bed with him; and that thereafter defendant was quiet for a time. According to the complainant $10, which was on a bedside table, was missing upon her return.

Subsequent to these events, the complainant, who was separated from her husband at the time, conversed with the defendant for approximately an hour, during which time defendant said his name was "Earl Lee." Defendant then left the apartment.

After defendant had gone, the complainant phoned her husband to tell him what had happened. She then called the police, and when a police officer arrived, she told him what had happened, in addition to providing him with a description of her attacker.

On October 1, 1968, a man who identified himself as "Earl Lee" came to the complaining witness's front door, at which time she told the man —whom she could not be sure was the same man who had accosted her on September 22—that he had better leave before her husband came home and shot him. She told the man that he could return the following afternoon, but he did not return.

On October 9, 1968, defendant returned to the complainant's apartment. She had the opportunity to phone the police prior to admitting defendant into the apartment. A brief conversation ensued between the two. The police arrived, defendant fled the apartment, and he was apprehended a short distance away and was taken into custody. As was noted above, after a jury trial, during which defendant presented no evidence, he was found guilty of attempted rape and sentenced to a term in the penitentiary.

In light of our disposition of this appeal, we find it necessary to consider only these questions: (1) whether the information purporting to charge defendant with the crime of attempted rape was invalid, owing to the State's failure to allege that defendant had the specific intent to

commit the offense of rape and that he did any act which constituted a substantial step toward the commission of that offense; and (2) whether, if that be the case, the trial court was without jurisdiction to enter judgment against the defendant.

On the day defendant went to trial, the State filed a handwritten information which charged him with the offense of attempt to commit rape.[1] It was upon this information that defendant was convicted. The information alleged:

"[T]hat Leonard J. Mack has, on Sept. 22, 1968 at 5502 South Everette, Chi. Ill. committed the offense of Attempt-rape in that on September 22, 1968 the defendant gained entrance to the victim's apartment. The defendant then awakened the victim * * * who was asleep in her bed. He held a knife in his hand and told the victim that he wanted to suck her titties. He then got into the bed with the victim, holding the knife to her throat. He then fondled the victim. During this period of time the victim was able to dissuade the offender from having relations with her. Before leaving the apt. the defendant took from the victim $10.00 U.S.C. On Oct. 9, 1968 the defendant returned. The complainant called the police and the offender was arrested while fleeing from her apartment. In violation of Chapter 38 Section 8—4 Illinois Revised Statute and Against the Peace and Dignity of The People of the State of Illinois."

After the above-quoted handwritten information had been filed, counsel for the State submitted a "form" to the trial court for "attempt rape"; the form was to be "the substance of the charge" which the trial court would "read to the jury on the Information." The form is not a part of the record on this appeal. However, counsel for the State verbally set forth its contents in the transcript of the proceedings in the court below, the trial court stating, in referring to the form, that "* * * the only thing that will be a part of the record is what [is] read into the record." Counsel for the State then stated:

"In essence, it says, 'Leonard J. Mack, a male person of the age of 14 years and upwards committed the offense of attempt in that he, with the intent to commit the offense of rape, attempted to compel one ——————— [see footnote [2] below], not the wife of said Leonard J. Mack, to submit to an act of sexual intercourse by force and against her will, in violation of Chapter 38, Section 8—4,

---

[1] The record suggests some evidence of the attempt rape was presented to the grand jury. However, no indictment was returned on the rape charge.

[2] The name of the complainant was stated but is omitted from this opinion.

of the Illinois Revised Statutes in 1967, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois.'"

Defense counsel agreed to have this "substance of the charge" read to the jury "on the Information," and this last-quoted material was then read to the jury and heard by the defendant before any witnesses were called and before any jurors were sworn.

## I.

The State argues, in the brief ordered to be filed with this court, that because the "total information" enabled defendant to prepare a vigorous defense to a fully comprehended charge of attempt rape, the information is sufficient under modern legal principles. Defendant contends, on the contrary, that where the essential element of intent is lacking from an information charging attempt rape, the information does not charge an offense. Therefore, defendant urges, the trial court was without jurisdiction, and any conviction resulting from said information is a nullity.

The statute pursuant to which defendant was charged provides, in part, that "[a] person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense." (Ill. Rev. Stat. 1967, ch. 38, par. 8—4(a).) The general rule in Illinois is that all elements essential to the proof of a crime must be charged in an indictment or information, and "* * * where the statutory definition of a crime includes the intent with which the act was committed as an element of the offense, the intent must be alleged." *People v. Woodward* (5th Dist. 1972), 7 Ill.App.3d 607, 609, 288 N.E.2d 72; see also *People v. Martin* (4th Dist. 1973), 15 Ill.App.3d 465, 305 N.E.2d 12.

With regard to the original information filed by the State, it is our opinion that the information clearly failed to allege either that defendant had the specific intent to commit the offense of rape or that he did any act which constituted a substantial step toward the commission of that offense (Ill. Rev. Stat. 1967, ch. 38, par. 8—4(a)). In addition, regarding the "form" read into the record by counsel for the State—which purportedly was to serve as an amendment to the original information—we feel that said form failed to allege that defendant did any act which constituted a substantial step toward the commission of the offene of rape; the form did, however, allege that defendant had the specific intent to commit the offense of rape.

Furthermore, the requirement that an information or indictment charge a crime is jurisdictional (*People v. Harris* (1946), 394 Ill. 325,

327, 68 N.E.2d 728). If in an appeal it is determined that the charge was fatally defective, the judgment must be reversed (*People v. Fore* (1943), 384 Ill. 455, 51 N.E.2d 548). As our supreme court stated at page 458 in *People v. Fore,* "[w]here an indictment is insufficient * * * to charge a public offense we must reverse the judgment of conviction notwithstanding the point was not raised in the trial court, as no waiver or consent by the defendant to a criminal prosecution can confer jurisdiction or authorize his conviction in the absence of an accusation charging him with a violation of the criminal law. (*People v. Minto,* 318 Ill. 293; *People v. Wallace,* 316 Ill. 120.)"

██ Applying these general principles to the matter at hand, we hold that the charge stated in the information filed against defendant was insufficient to sustain the judgment rendered in the court below. It follows, therefore, that the judgment, necessarily, was without a legal basis.

Accordingly, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

HAYES, P. J., and LEIGHTON, J., concur.