THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GRANVILLE SMITH, Defendant-Appellant.

(No. 12502;

Fourth District—March 20, 1975.

John F. McNichols and Thomas Nelson, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (J. William Roberts, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Granville Smith, appeals from a judgment entered pursuant to a negotiated guilty plea to the offense of armed robbery and from a sentence imposed of 4 to 12 years' imprisonment. The following issues are raised for resolution by this court: (1) Whether the trial court substantially complied with Supreme Court Rule 402 (a)(1) in informing defendant of the nature of the charge, (2) Whether the trial court substantially complied with Supreme Court Rule 402(a)(2) in explaining to defendant the minimum sentence prescribed by law, and (3) Whether defendant's sentence is excessive.

■■ Defendant first contends that the trial judge did not substantially comply with Supreme Court Rule 402(a)(1) in explaining to defendant the nature of the charge. We do not agree. On May 10, 1973, defendant was indicted for armed robbery. On May 17, 1973, defendant appeared without counsel for arraignment. At that time the trial judge read to defendant the indictment. Defendant indicated that he understood and was handed a copy of the indictment. A not-guilty plea was entered for the defendant. On June 12, 1973, defendant appeared with counsel to withdraw his not-guilty plea pursuant to negotiations with the State. Defendant indicated to the court that he was 28 years of age, that he had completed high school by obtaining a G.E.D. in the service, and that he could read, write and comprehend the English language. The court then read to defendant the armed robbery provision of the Criminal Code. Defendant stated that he understood the nature of the charge. The State's attorney then presented a factual basis for the plea detailing

what criminal conduct of defendant the State intended to prove. Both defendant and his counsel stated that the State's presentation was substantially correct. The trial court then specifically found that defendant understood the nature of the charge. A reading of the record shows that the trial court complied with Supreme Court Rule 402(a)(1) in explaining to defendant and determining that he understands the nature of the charge. See *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.

■■ Defendant next contends that the trial judge did not substantially comply with Supreme Court 402(a)(2) because he did not inform defendant of the possibility of periodic imprisonment. We do not agree and find the decision of this court in *People v. Butchek*, 22 Ill.App.3d 391, 317 N.E.2d 148 (4th Dist.) to be controlling. Also see *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.

■■ Defendant also contends that the 4-year minimum sentence imposed upon him is excessive. We find this argument to be frivolous. Defendant specifically waived his right to a presentencing investigation and a sentencing hearing. The negotiated plea agreement was stated in open court, and defendant indicated his understanding of the agreement calling for a 4-year minimum sentence, which was also the minimum term of imprisonment prescribed by statute for that offense. Defendant got exactly what he bargained for and does not challenge the fact that the plea was freely and voluntarily negotiated. (See *People v. White*, 23 Ill.App.3d 225, 318 N.E.2d 298 (4th Dist.).) Defendant also states that the trial judge did not have a sufficient informational basis to impose sentence and did not exercise his discretion in that regard where he failed to order a presentencing investigation or to hold a sentencing hearing and cites *People v. Bradford*, 1 Ill.App.3d 38, 272 N.E.2d 259, as support thereof. However, *Bradford* is distinguishable in a situation such as the instant case where the factual basis for the plea was before the court and where the sentence imposed was exactly what the defendant had freely bargained for. See *People v. Martin*, 15 Ill.App.3d 465, 305 N.E.2d 12 (4th Dist.).

Accordingly, for the reasons stated above the judgment and sentence imposed by the Circuit Court of Sangamon County is hereby affirmed.

Judgment affirmed.

CRAVEN and GREEN, JJ., concur.