THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN BRADLEY *et al.*, Defendants.—(CLIFFORD WEBB, Defendant-Appellant.)

(Nos. 12944-47 cons.;

Fourth District—November 20, 1975.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (James R. Coryell, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant pleaded guilty to four indictments. The indictments included two charges of armed robbery. The plea was negotiated. The trial court imposed those sentences recommended by the State's Attorney. Defendant received concurrent sentences of 7 to 20 years on the armed robbery charges. He also received 1 to 10 for theft (the third indictment) and 1 to 3 for unlawful possession of a motor vehicle (the fourth charge).

Defendant contends that the court did not have a sufficient informational basis to set a higher than minimum sentence on the armed robbery convictions. We affirm.

Section 5—8—1(c)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c)(2)) provides that the minimum term of imprisonment for a Class 1 felony, such as armed robbery, shall be 4 years,

> "unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term."

The court, in the case at bar, specifically found that there was cause to increase the minimum from 4 to 7 and that this was based upon the facts shown in the record as to the nature of the offenses.

Defendant argues that the sentencing hearing as provided in section 5—4—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—4—1) is mandatory even where there is a negotiated plea agreement.

The Code clearly provides that presentence investigation can be waived by defendant (Ill. Rev. Stat. 1973, ch. 38, § 1005—3—1) and defendant did so in this case. The record shows defendant knowingly waived his opportunity to present evidence in mitigation in return for the State's waiving their right to present evidence in aggravation. Defendant also knowingly waived his opportunity to speak in his own behalf.

The court was not, however, operating in a factual vacuum. The court, due to the comprehensive way in which the factual basis for the plea was presented, was fully aware of the aggravating circumstances therein. Defendant's counsel also pointed out several mitigating aspects of the offenses to the trial court. The court was aware that defendant had a previous record. Under these circumstances, and considering the course of conduct revealed by these offenses, the trial court had sufficient facts

before it to warrant the sentence imposed. The sentence imposed was freely bargained for. *People v. Smith* (1975), 26 Ill.App.3d 288, 325 N.E.2d 52; *People v. Martin* (1973), 15 Ill.App.3d 465, 305 N.E.2d 12.

Several recent cases have reversed the sentence where no sentencing hearing was held and a higher than statutory minimum was imposed pursuant to a plea agreement. *People v. Barto* (3rd Dist. 1975), 27 Ill.App.3d 853, 327 N.E.2d 469; *People v. Matychowiak* (5th Dist. 1974), 18 Ill.App.3d 739, 310 N.E.2d 394.

These cases are distinguishable from the cases at bar because in each the trial court expressly excluded the defendant from offering the kinds of evidence presentable in a sentencing hearing. In the case at bar, defendant was offered the opportunities by the trial court but the defendant knowingly waived them. Therefore this case does not present us with the issue of whether a negotiated plea ipso facto waives the requirements of the sentencing hearing.

We hold that defendant can knowingly waive a sentencing hearing and the trial court can impose a higher than minimum sentence as long as there are sufficient facts before the court to warrant the sentence imposed, as in the case at bar.

Affirmed.

TRAPP and GREEN, JJ., concur.