THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS A. TESTA, Defendant-Appellant.

First District (2nd Division)   No. 82—392

Opinion filed June 7, 1983.

Sam L. Amirante, of Park Ridge, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Raymond Brogan, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Following a bench trial, defendant, Thomas A. Testa, was found guilty of attempt (rape). (Ill. Rev. Stat. 1981, ch. 38, par. 8—4(a).) The following post-trial defense motions were denied: (1) in arrest of judgment; (2) for a directed finding; (3) for a new trial; and (4) for a modification of the finding of guilt and a request for a finding of guilty but mentally ill. Defendant was sentenced to 15 years' imprisonment.

The appeal presents the following issues: (1) whether the information charging defendant with attempt (rape) was fatally defective and therefore void; (2) whether the sufficiency of the information may be challenged for the first time by a post-trial motion; (3) whether defendant was proved guilty of attempt (rape) beyond a reasonable doubt; (4) whether the trial court abused its discretion by sentencing defendant to the maximum term of 15 years; and (5) whether the trial court erred when it denied defendant's motion to modify the finding

of guilt and refused to grant a hearing pursuant to section 5—2—6 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—6), treating defendant as being guilty but mentally ill.

The facts elicited at trial show that on January 9, 1980, the 19-year-old victim[1] was returning to her apartment in Chicago, Illinois, after visiting her mother. She was being dropped off at her apartment building by a friend when she noticed another car pull into the parking lot and a man get out. The man, later identified as defendant, held the door to the apartment building as the victim passed and began a conversation with her as they entered the elevator. She pushed the elevator button for the second floor, and defendant indicated that he wanted the second floor. She exited on the second floor and was approaching her apartment door when grabbed from behind by defendant. Defendant spun her around and grabbed her by the throat, preventing her from screaming. She said: "He told me if I didn't do what he said, he would kill me, and he told me to shut up." She was told to lie on her back, which she did while defendant continued to hold her by the throat. Defendant unzipped her pants and ordered her to remove her pants and underwear from her right leg. Defendant began to lower his pants and got on top of her. Although she did not see defendant's genitals, she could feel his skin against her.

As defendant made several attempts to kiss her, she managed to use a chemical defense spray on defendant which she carried in a leather pouch attached to her key chain. After being sprayed with the chemical, defendant got up and ran down the hall and out the stairway door. She could see that defendant's pants were down to a point just above his knees. She went into her apartment and contacted a neighbor and the building security guards. Using a description of defendant and his car provided by the victim, the security guards apprehended defendant in the building parking lot and held him until police arrived. She identified defendant as the attacker when the Chicago police arrived. Defendant was then arrested.

The information charging defendant with the crime stated:

"*** on January 9, 1980 in Cook County, Illinois Thomas A. Testa a male person of the age of fourteen years and upwards committed the offense of attempt in that he, with the intent to commit the offense of rape attempted to compel one [name omitted] a female not the wife of said Thomas A. Testa to submit to an act of sexual intercourse by force and against her will, in violation of chapter 38, section 8—4 Illinois Revised

---

[1]The name set forth in the information is omitted in deference to the victim.

Statutes ***."
At the close of the State's case in chief, defendant moved for a directed finding, arguing that the State failed to meet its burden of proof. The motion for a directed finding was denied. Defendant offered no defense. The trial court found defendant guilty of attempt (rape) and entered judgment on that finding.

Prior to sentencing, defendant filed a motion in arrest of judgment which challenged the sufficiency of the charging instrument, a motion for a new trial and a motion to modify the finding of guilt. Following argument, the motions were denied and defendant was sentenced to 15 years' imprisonment.

I

Initially, defendant contends, as he did in his motion in arrest of judgment, that the information lacked the specificity necessary to charge him with attempt (rape) and was therefore fatally defective. It is well established in Illinois that where the sufficiency of a charge is attacked in a motion in arrest of judgment, the standard for determining whether the information is deficient is whether the elements of the offense are set out in the information as required by section 111—3(a) of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1981, ch. 38, par. 111—3(a); *People v. Simmons* (1982), 93 Ill. 2d 94, 99, 442 N.E.2d 891, citing *People v. Lutz* (1978), 73 Ill. 2d 204, 211, 383 N.E.2d 171.) Section 111—3(a) demands that the charging instrument be in writing, stating the name of the offense and the relevant statutory provisions violated; setting forth the nature and elements of the offense and the date and county in which the offense occurred, and naming the accused if known or a reasonably certain description. (See *People v. Phelan* (1981), 99 Ill. App. 3d 925, 929, 426 N.E.2d 925.) "Section 111—3 is designed to inform the accused of the nature of the offense with which he is charged so that he may prepare a defense and to assure that the charged offense may serve as a bar to subsequent prosecution arising out of the same conduct." (*People v. Simmons* (1982), 93 Ill. 2d 94, 99-100.) An information which charges an offense in the language of the statute "is deemed sufficient when the words of the statute so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged." *People v. Dickerson* (1975), 61 Ill. 2d 580, 582, 338 N.E.2d 184, quoting *People v. Patrick* (1967), 38 Ill. 2d 255, 258, 230 N.E.2d 843.

■ Defendant relies upon our decision in *People v. Mack* (1974), 24 Ill. App. 3d 455, 321 N.E.2d 446. *Mack* is distinguishable due to its

peculiar facts. The charging instrument in *Mack* was hand-written and was filed in court the day defendant was brought to trial. The charging instrument read as follows:

> " '[T]hat Leonard J. Mack has, on Sept. 22, 1968 at 5502 South Everette, Chi. Ill. committed the offense of Attempt-rape in that on September 22, 1968 the defendant gained entrance to the victim's apartment. The defendant then awakened the victim *** who was asleep in her bed. He held a knife in his hand and told the victim that he wanted to suck her titties. He then got into the bed with the victim, holding the knife to her throat. He then fondled the victim. During this period of time the victim was able to dissuade the offender from having relations with her. Before leaving the apt. the defendant took from the victim $10.00 U.S.C. On Oct. 9, 1968 the defendant returned. The complainant called the police and the offender was arrested while fleeing from her apartment. In violation of Chapter 38 Section 8—4 Illinois Revised Statute and Against the Peace and Dignity of The People of the State of Illinois.' " (24 Ill. App. 3d 455, 458.)

That hand-written charging instrument clearly failed to meet the requirements of section 111—3. It was upon this document that defendant was convicted.

The State also submitted a "form" to the trial court in *Mack* for "attempt rape" which was read to the jury. The form, which was not in the record on appeal but was verbally set forth in the trial court proceeding, was:

> " 'In essence, it says, "Leonard J. Mack, a male person of the age of 14 years and upwards committed the offense of attempt in that he, with the intent to commit the offense of rape, attempted to compel one ***, not the wife of said Leonard J. Mack, to submit to an act of sexual intercourse by force and against her will, in violation of Chapter 38, Section 8—4, of the Illinois Revised Statutes in 1967, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois." ' " (*People v. Mack* (1974), 24 Ill. App. 3d 455, 458-59.)

We held that under the peculiar circumstances of the trial in *Mack* the charge was fatally defective. We also stated that the "form" language was sufficient to allege that Mack had the specific intent to commit the offense of rape. (*People v. Mack* (1974), 24 Ill. App. 3d 455, 459.) The peculiar and confusing record which existed in *Mack* does not exist in the instant case. To the extent that *Mack* disagrees with the su-

preme court's decision in *People v. Bonner* (1967), 37 Ill. 2d 553, 562, 229 N.E.2d 527, *cert. denied* (1968), 392 U.S. 910, 20 L. Ed. 2d 1368, 88 S. Ct. 2067, we hold that the record in this case mandates our following *Bonner*. Based on the record in this case, *Mack* will not be followed.

■ Here, defendant was charged in the language of the statute with the elements of the offense: (1) attempt with the intent to commit rape and (2) a substantial step taken in that direction - the use of force against the complainant's will. (*People v. Bonner* (1967), 37 Ill. 2d 553, 562.) The information was, therefore, sufficient to allow defendant to prepare his defense and to serve as a bar to future prosecution arising from the same conduct.

## II

■ The State contends that defendant should not be allowed to challenge the sufficiency of the charging instrument after the pretrial stage of the prosecution, absent a showing of a violation of defendant's constitutional rights. However, Illinois courts have consistently held that a challenge to the sufficiency of a charging instrument is not so limited. (*People v. Lutz* (1978), 73 Ill. 2d 204, 209, 383 N.E.2d 171, where the court explained that historically, a motion in arrest of judgment opened the entire record, reaching any defect apparent upon its face.) The State's reliance upon *People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437, in support of its contention is misplaced. The court in *Pujoue* did not establish a requirement that a constitutional violation must be shown in a post-trial challenge to the sufficiency of the charging instrument. The *Pujoue* court agreed that the requirements of section 111—3 must be complied with, subscribing to the standard of reviewing the sufficiency of a charging instrument as we have discussed in section I, above. *People v. Pujoue* (1975), 61 Ill. 2d 335, 339.

## III

Defendant argues that his conviction cannot stand since the State failed to show beyond a reasonable doubt that he possessed the specific intent to have sexual intercourse with the victim. Defendant contends that there was no evidence that a substantial step was taken toward the commission of the act of rape.

In *People v. Pitts* (1980), 89 Ill. App. 3d 145, 147, 411 N.E.2d 586, as in this case, the pivotal issue was whether defendant intended to have sexual intercourse with the victim. The court in *Pitts* pointed out that the utterances and acts of defendant at the time of the inci-

dent must be analyzed to determine if he intended to have sexual intercourse with the victim. (*People v. Pitts* (1980), 89 Ill. App. 3d 145, 147.) Even though an attacker may seek sexual gratification from a victim, he may not be possessed with the intent to commit the specific offense of rape. (*People v. Pitts* (1980), 89 Ill. App. 3d 145, 147.) The court in *Pitts* determined that the circumstances did not establish such an intent since defendant made no overt movements toward the victim's genital area; he was satisfied during the attack with his victim fully clothed and he remained fully clothed during the attack. Although Pitts threatened to kill the victim if she screamed, he made no reference to sexual intercourse.

■ However, the fact that defendant may not have performed a substantial step toward the *completion* of the rape will not preclude a finding by a court that he intended to commit rape. (*People v. Tackett* (1980), 91 Ill. App. 3d 410, 413, 414 N.E.2d 748.) Acts such as those performed by the defendant in the instant case have been found to support a conviction of attempted rape. (*People v. Bonner* (1967), 37 Ill. 2d 553, 562, 229 N.E.2d 527, *cert. denied* (1968), 392 U.S. 910, 20 L. Ed. 2d 1368, 88 S. Ct. 2067, where the court found defendant guilty of attempted rape in spite of the fact that he did not voice his intentions; see also *People v. Hornbuckle* (1972), 7 Ill. App. 3d 328, 331, 287 N.E.2d 294, where the court concluded that defendant's act of ripping off the victim's halter top along with the defendant's attempts to remove the victim's shorts constituted a substantial step toward the commission of the offense.) Here, defendant's intention to rape the victim was demonstrated by his actions and his commands. Defendant ordered the victim to remove her pants, touched her genital area and pulled his pants down, then attempted to pull her pants off and ordered her onto her back. Defendant threatened to kill her if she did not obey him. He continued to choke her as he got on top of her. These facts establish beyond a reasonable doubt that defendant intended to rape the victim. To suggest otherwise is ludicrous. Our purpose is to insure that the record established that defendant knew the nature of the charges, received a fair trial and was guilty beyond a reasonable doubt. We are not to throw away our common sense when the record clearly demonstrates that the trial court's finding of guilt is supported by the evidence beyond any reasonable doubt. See *People v. Almond* (1975), 31 Ill. App. 3d 374, 378, 333 N.E.2d 236.

## IV

Defendant next contends that the trial court abused its discretion by imposing the maximum sentence for this conviction, 15 years. (Ill.

Rev. Stat. 1981, ch. 38, par. 1005—8—1(a)(4).) Defendant argues that the severe sentence is inappropriate in light of the mitigating factors and defendant's potential for rehabilitation. He does not contend the sentence violates any constitutional or statutory guidelines. It is well settled in Illinois that a sentence should be imposed so as to protect society from an offender while also providing for the possibility of his rehabilitation. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 155, 368 N.E.2d 882.) The trial court is in a better position to assess the circumstances of each case and the appropriate sentence to be imposed. It is not the function of a court of review, absent an abuse of discretion, to substitute its judgment for that of the trial court merely because a different sentence could have been imposed. *People v. Perruquet* (1977), 68 Ill. 2d 149, 156.

■ Here, the record reveals that the sentence imposed was the result of thorough and reasoned judgment based upon the particular circumstances. The trial court felt that, in light of defendant's character and past conduct, coupled with the seriousness of the present offense, he was a danger to the public. Based on our review of the record, we find no abuse of discretion by the trial court in sentencing defendant.

## V

Finally, defendant urges that the trial court erred when it failed to modify its finding of guilt and to order a hearing regarding defendant's mental condition, pursuant to section 5—2—6 of the Unified Code of Corrections. Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—6.

■ Initially, we note that defendant relies upon the provisions of section 68.1 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 68.1) in support for his motion to modify the finding of guilt. However, section 68.1 is not applicable to a criminal case. Section 1 of the Civil Practice Act provides that the Act applies to civil proceedings except those regulated by separate statute. Ill. Rev. Stat. 1981, ch. 110, par. 1.

Section 5—2—6 of the Unified Code of Corrections involves those cases where a defendant has entered a plea of guilty but mentally ill, or has been found guilty but mentally ill. Here, defendant did not enter such a plea, nor was he found guilty but mentally ill. Defense counsel explained during the sentencing hearing that, as a matter of trial strategy, an insanity defense was not presented. A pretrial examination had been conducted pursuant to section 104—13 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 104—13), when it was determined that defendant was mentally fit to stand

trial, to assist in his defense, and that he understood the nature of the charge against him. When defendant presented his motion to modify the finding of guilt, he also included extensive documentation regarding his psychiatric history. However, defendant did not present any authority in the trial court, or this court, to support his belief that the trial court should have proceeded in accordance with section 5—2—6. Additionally, defendant did not respond in his reply brief to the State's contention that defendant's motion was inappropriate under these circumstances.

We agree with the State's position and have found no authority which would support defendant's contention that he is among the class of persons intended by the legislature to invoke the procedures of section 5—2—6. Therefore, the trial court properly denied defendant's motion to modify the finding of guilt.

For the above-stated reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.